UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARTHA OSORIO, on behalf of herself and all others similarly situated,<br><br>Plaintiff(s),<br><br>-against-<br><br>TRANSWORLD SYSTEMS, INC., and JOHN DOES 1-25<br><br>Defendant(s). | Civil Case Number: _____<br><br>**CIVIL ACTION**<br><br>**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |

**LOCAL CIVIL RULE 10.1 STATEMENT**

1. The mailing addresses of the parties to this action are:

    MARTHA OSORIO
    65 Paterson Street, Apt. 2
    Jersey City, New Jersey 07307-4376

    TRANSWORLD SYSTEMS, INC..
    2135 E Primrose Suite Q
    Springfield, MO 65804

**PRELIMINARY STATEMENT**

2. Plaintiff on behalf of herself and all others similarly situated ("Plaintiff"), by and through her attorneys, alleges that Defendants, TRANSWORLD SYSTEMS, INC.. ("TRANSWORLD") and JOHN DOES 1-25, their employees, agents and successors (collectively "Defendants") violated 15 U.S.C. § 1692 *et seq*., the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331. This is an action for violations of 15 U.S.C. § 1692 *et seq*.

4. Venue is proper in this district under 28 U.S.C. §1391(b) and 15 U.S.C. § 1692k(d) because the acts of the Defendant that give rise to this action, occurred in substantial part, in this district.

## DEFINITIONS

5. As used in this complaint, the terms "creditor," "consumer," "debt" and "debt collector" are defined at 15 U.S.C. § 1692a.

## PARTIES

6. Plaintiff is a natural person, a resident of Hudson County, New Jersey and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

7. TRANSWORLD maintains a location at 2135 E. Primrose Suite Q. Springfield, MO 65804.

8. TRANSWORLD uses the instrumentalities of interstate commerce or the mails to engage in the principal business of collecting debt and/or to regularly engage in the collection or attempt to collect debt asserted to be due or owed to another.

9. TRANSWORLD is a "Debt Collector" as that term is defined by 15 U.S.C. § 1692(a)(6).

10. John Does 1-25, are currently unknown Defendants whose identities will be obtained in discovery and at that time will be made parties to this action pursuant to the Federal Rules of Civil Procedure (hereinafter "FRCP"); Rule 15, Rule 20 and Rule 21. Plaintiff's claims against the currently unknown Defendants arise out of the same transaction, occurrence or series

of transactions arising from known Defendant's actions and are due to common questions of law and fact whose joinder will promote litigation and judicial efficiency.

## CLASS ACTION ALLEGATIONS

11. Plaintiff brings this action as a state-wide class action, pursuant to Rule 23 of the FRCP, on behalf of herself and all New Jersey consumers and their successors in interest (the "Class"), who were sent debt collection letters and/or notices from the Defendant, in violation of the FDCPA, as described in this Complaint.

12. This Action is properly maintained as a class action. The Class is initially defined as:

> All New Jersey consumers who were sent initial letters and/or notices from TRANSWORLD, which included the alleged conduct and practices described herein.
>
> The class definition may be subsequently modified or refined.
>
> The Class period begins one year prior to the filing of this Action.

13. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

   a. Numerosity: The Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who were sent debt collection letters and/or notices from the Defendant(s) that violate specific provisions of the FDCPA. Plaintiff is complaining about a standard form letter and/or notice that were sent to at least fifty (50) persons (*See* **Exhibit A**). The undersigned has, in accordance with FRCP Rule 5.2, redacted the financial account numbers and/or personal identifiers in said letter.

    b. <u>Commonality</u>: There are questions of law and fact common to the class members which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

        i. Whether the Defendants violated various provisions of the FDCPA as set forth herein:

        ii. Whether Plaintiff and the Class have been injured by the Defendants' conduct;

        iii. Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendants' wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

        iv. Whether Plaintiff and the Class are entitled to declaratory relief.

    c. <u>Typicality</u>: Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

    d. <u>Adequacy of Representation</u>: Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class. Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

14. A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates no unusual difficulties in the management of this class action.

15. A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as damages.

16. Defendant(s) have acted on grounds generally applicable to the entire Class, thereby making appropriate final relief with respect to the Class as a whole.

## STATEMENT OF FACTS

17. Plaintiff is at all times to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

18. At some time prior to September 17, 2021, Plaintiff allegedly incurred a financial obligation to GARDEN STATE HEALTHCARE ASSOCIATES. ("GARDEN STATE").

19. The GARDEN STATE obligation arose out of a transaction, in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

20. Plaintiff incurred the GARDEN STATE obligation by obtaining goods and services which were primarily for personal, family and household purposes.

21. The GARDEN STATE obligation did not arise out of a transaction that was for non-personal use.

22. The GARDEN STATE obligation did not arise out of transactions that were for business use.

23. The GARDEN STATE obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

24. GARDEN STATE is a "creditor" as defined by 15 U.S.C. § 1692a(4).

25. At some time prior to September 17, 2021, the GARDEN STATE obligation was placed TRANSWORLD.

26. Defendants caused to be delivered to Plaintiff a letter dated September 17, 2021, which was addressed to Plaintiff. A copy of said letter is annexed hereto as **Exhibit A**, which is fully incorporated herein by reference.

27. The September 17, 2021 letter was sent to Plaintiff in connection with the collection of the GARDEN STATE obligation.

28. The September 17, 2021 letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

29. The September 17, 2021 letter was the initial written communication that Plaintiff received from TRANSWORLD.

30. Upon receipt, Plaintiff read the September 17, 2021 letter.

31. The September 17, 2021 letter stated in part:

> Your account has been placed with us for collections.

32. The September 17, 2021 letter did not state who placed the account with TRANSWORLD for collections.

33. The September 17, 2021 letter further stated:

> Our records indicate that your balance of $522.50 is due in full.
> We can work with you to help resolve this matter..To assure proper credit, please put our account number xxxx335 on your check or money order.

34. The September 17, 2021 letter also stated in bold face font:

> If you request of this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

35. The September 17, 2021 letter does not state whether GARDEN STATE, is the original creditor and/or the current creditor.

36. The September 17, 2021 letter does not state whether the original creditor or the current creditor place the account with TRANSWORLD for collection.

37. 15 U.S.C. §1692g(a)(2) required a debt collector to provide in writing the name of the creditor to whom the debt is owed.

38. A debt collector has the obligation not just to convey each of the disclosure required by 15 U.S.C. § 1692g(a)(2), but also to convey each disclosure clearly.

39. Even if a debt collector conveys the required information accurately, the debt collector nonetheless violates the FDCPA if that information is overshadowed or contradicted by other language in the communication.

40. Even if a debt collector conveys the required information accurately, the debt collector nonetheless violates the FDCPA if that information is overshadowed by other collection activities during the 30-day validation period following the communication.

41. A collection activity or communication overshadows or contradicts the validation notice if it would make the least sophisticated consumer uncertain or confused as to her rights.

42. "Thus, in order to comply with the requirements of section 1692g, more is required than the mere inclusion of the statutory debt validation notice in the debt collection letter - the required notice must also be conveyed effectively to the debtor." Wilson v. Quadramed Corp., 225 F.3d 350 at 354 (3d Cir. 2000); (citing Swanson v. Southern Oregon Credit Serv., Inc., 869 F.2d 1222, 1224 (9th Cir. 1988)); see also Graziano v. Harrison, 950 F.2d

107, 111 (3d Cir. 1991). See also <u>Grubb v. Green Tree Servicing</u>, 2014 WL 3696126, at *9 (D.N.J. July 24, 2014), <u>Grubb v. Green Tree Servicing</u>, 2017 WL 3191521 at *5 (D.N.J. July 27, 2017).

43. The September 17, 2021 letter creates confusion and leaves the Plaintiff and others similarly situated uncertain as to whom the debt owed.

44. The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The Defendant's false representations misled the Plaintiff in a manner that deprived Plaintiff of his or her right to enjoy these benefits.

45. The deceptive communication additionally violated the FDCPA since it frustrated Plaintiff's ability to intelligently choose his or her response.

46. TRANSWORLD knew or should have known that its actions violated the FDCPA.

47. TRANSWORLD could have taken the steps necessary to bring their actions within compliance with the FDCPA, but neglected to do so and failed to adequately review its actions to ensure compliance with the law.

## POLICIES AND PRACTICES COMPLAINED OF

48. It is Defendants' policy and practice to send written collection communications, in the form annexed hereto as **Exhibit A**, which violate the FDCPA, by *inter alia*:

> (a) Using false, deceptive or misleading representations or means in connection with the collection of a debt; and

(b) Overshadowing and/or contradicting Plaintiff's rights under the FDCPA.

49. TRANSWORLD has sent written communications in the form annexed hereto as **Exhibit A**, to at least 40 natural persons in the state of New Jersey within one year of this Complaint.

## COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *et seq*. VIOLATIONS

50. Plaintiff, on behalf of herself and others similarly situated, repeats and realleges all prior allegations as if set forth at length herein.

51. Collection letters and/or notices, such as those sent by TRANSWORLD, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

52. TRANSWORLD violated 15 U.S.C. §1692g(a)(2) by sending the September 17, 2021 letter to Plaintiff, which failed to effectively inform the reader of to whom the debt is owed.

53. The form, layout and content of September 17, 2021 letter would cause the least sophisticated consumer to be confused about his or her rights.

54. TRANSWORLD'S September 17, 2021 letter would leave the least sophisticated consumer confused and/or unsure of to whom the debt is owed.

55. TRANSWORLD violated 15 U.S.C. §1692g(e)(10) using false, deceptive and misleading means in the September 17, 2021 letter.

56. The September 17, 2021 letter can be read to have two or more meaning, of which at least one is inaccurate.

57. Because TRANSWORLD elected to state: "Your account has been placed with us for collections", without informing the read who actually placed the account for collection, the September 17, 2021 letter can be read to mean:

    a. Someone other than GARDEN STATE placed the account with TRANSWORLD for collection; or

    b. GARDEN STATE placed the account with TRANSWORLD for collection.

58. TRANSWORLD violated 15 U.S.C. § 1692e of the FDCPA by using any false, deceptive or misleading representation or means in connection with their attempts to collect debts from Plaintiff and others similarly situated.

59. TRANSWORLD violated 15 U.S.C. § 1692e of the FDCPA as described herein in connection with their communications to Plaintiff and others similarly situated.

60. TRANSWORLD's false, misleading and deceptive statement(s) is material to the least sophisticated consumer.

61. As described herein, TRANSWORLD engaged in false, deceptive, or misleading representations or means in violation of 15 U.S.C. § 1692e and § 1692e(10).

62. TRANSWORLD's false, misleading and deceptive statement(s) is material to the least sophisticated consumer.

63. As described herein, TRANSWORLD violated 15 U.S.C. § 1692e(10) which prohibits the employment of false and deceptive means of collecting debt.

64. TRANSWORLD violated 15 U.S.C. § 1692g by failing to effectively convey the Validation Notice.

65. As described herein, TRANSWORLD's letter violated 15 U.S.C. § 1692g et al.

66. TRANSWORLD violated the FDCPA by overshadowing and/or contradicting the notices mandated by 15 U.S.C. § 1692g(a)(2).

67. Congress enacted the FDCPA in part to eliminate abusive debt collection practices by debt collectors.

68. Plaintiff and others similarly situated have a right to be free from abusive debt collection practices by debt collectors.

69. Plaintiff and others similarly situated have a right to receive proper notices mandated by the FDCPA.

70. Plaintiff and others similarly situated were sent letters, which could have affected their decision-making with regard to the debt.

71. Plaintiff and others similarly situated have suffered harm as a direct result of the abusive, deceptive and unfair collection practices described herein.

72. Plaintiff has suffered damages and other harm as a direct result of TRANSWORLD's actions, conduct, omissions and violations of the FDCPA described herein.

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and her attorneys as Class Counsel;

(b) Awarding Plaintiff and the Class statutory damages;

(c) Awarding Plaintiff and the Class actual damages, including but not limited to a disgorgement of all money collected during the relevant period;

(d) Awarding pre-judgment interest;

(e) Awarding post-judgment interest.

(f) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses; and

(g) Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

Dated: November 6, 2021

Respectfully submitted,

By: *s/ Joseph K. Jones*
Joseph K. Jones, Esq. (JJ5509)
JONES, CHULSKY & KESSLER, LLC
375 Passaic Avenue
Fairfield, New Jersey 07004
(973) 227-5900 telephone
(973) 244-0019 facsimile
jkj@legaljones.com

*Attorneys for Plaintiff*


## CERTIFICATION PURSUANT TO LOCAL RULE 11.2

I, hereby certify that the matter in controversy is not the subject of any other court, arbitration or administrative proceeding.

Dated: November 6, 2021

*s/ Joseph K. Jones*
Joseph K. Jones, Esq. (JJ5509)
JONES, CHULSKY & KESSLER, LLC

*Attorneys for Plaintiff*

# EXHIBIT

# A

Return Mail Only  TSI Physical Address:
P.O. BOX 15618                               TRANSWORLD SYSTEMS INC.
DEPT. 55                                     2135 E Primrose Suite Q
WILMINGTON, DE 198505618                     Springfield, MO 65804
55.7210.SBEND                                800-275-5196

Calls to or from this company may be monitored or recorded.

Date: September 17, 2021
Our Account #: ▮▮▮▮▮335
Creditor: GARDEN STATE HEALTHCARE ASSOCIATES
Patient's Name: MARTHA B OSORIO
Creditor's Account #: ▮▮▮▮▮▮▮▮
Balance Due: $522.50

135432 - 420

MARTHA B OSORIO
▮▮▮▮▮▮▮ ST APT 2
▮▮▮▮▮▮▮▮▮▮▮

VISIT US ONLINE:
https://payments.tsico.com
8603392113

Your account has been placed with us for collections.

Our records indicate that your balance of $522.50 is due in full. We can work with you to help resolve this matter. To assure proper credit, please put our account number ▮▮▮▮335 on your check or money order.

**Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days after receiving this notice that you dispute this debt, or any portion thereof, this office will obtain verification of the debt or a copy of a judgment and mail you a copy of such verification or judgment. If you request of this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.**

This is an attempt to collect a debt. Any information obtained will be used for that purpose. This is a communication from a debt collector.

Office Hours: Monday through Wednesday 7:00am to 7:00pm CST, Thursday 7:00am to 9:00pm CST, Friday 7:00am to 6:30pm CST, Saturday 8:00am to 12:00pm CST

---

PLEASE RETURN THIS PORTION WITH YOUR PAYMENT (MAKE SURE ADDRESS SHOWS THROUGH WINDOW)

TSI Physical Address:
TRANSWORLD SYSTEMS INC.
2135 E Primrose Suite Q
Springfield, MO 65804
800-275-5196

| Our Account # | Balance Due |
|---|---|
|  | $522.50 |
| MARTHA B OSORIO | |
| Payment Amount |  |