**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **MARTHA OSORIO, on behalf of herself and all others similarly situated,**<br><br>Plaintiffs,<br><br>v.<br><br>**TRANSWORLD SYSTEMS, INC. and JOHN DOES 1-25,**<br><br>Defendants. | Civ. No. 2:21-cv-19812 (WJM)<br><br>**OPINION** |

<u>**WILLIAM J. MARTINI, U.S.D.J.**</u>

  In this putative class action, plaintiff Martha Osorio ("Osorio") claims that a collection letter sent by defendant Transworld Systems, Inc. ("TSI"), a debt collector, violates the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*. More specifically, Osorio alleges that the letter fails to clearly identify the current creditor to whom the alleged debt is owed, such that the least sophisticated debtor would be confused or deceived. This matter is now before the Court on TSI's motion to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. ECF No. 6. For the reasons set forth below, TSI's motion is **GRANTED**.

**I. BACKGROUND**

  The following facts are recounted from the Complaint and accepted as true for the purposes of resolving this motion. Briefly, Osorio incurred a financial obligation to Garden State Healthcare Associates ("Garden State") and the debt was placed with TSI for collections. Compl. ¶¶ 17-25. Attempting to collect on the debt, TSI sent Osorio a collection letter dated September 17, 2021 (the "Letter"), a copy of which is attached to the Complaint as Exhibit A.[1] *Id.* ¶ 26. Toward the top of the Letter, below TSI's address and phone number, is the following block of information:

---

[1] While the Court is ordinarily confined to the allegations of the complaint when deciding a Rule 12(b)(6) motion, it "may consider 'document[s] *integral to or explicitly relied* upon in the complaint.'" *In re Asbestos Products Liab. Litig. (No. VI)*, 822 F.3d 125, 134 n.7 (3d Cir. 2016) (quoting *In re Burlington Coat Factory Sec. Litig.,* 114 F.3d 1410, 1426 (3d Cir. 1997)) (emphasis in original).

>Date: September 17, 2021
>Our Account #: [REDACTED]
>Creditor: Garden State Healthcare Associates
>Patient's Name: Martha B. Osorio
>Creditor's Account #: [REDACTED]
>Balance Due: $522.50

Ex. A, Compl. The body of the Letter begins with the message: "Your account has been placed with us for collections." *Id.* The Letter then restates the balance due and the TSI account number from above and provides information about Osorio's debt collection rights and how to dispute the debt. *Id.* The Letter also states: "If you request of this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor." *Id.*; Compl. ¶ 34.

Despite the Letter expressly identifying Garden State as the creditor, Osorio alleges that the Letter fails to clearly identify whether Garden State is the original creditor or the current creditor, which Osorio claims is a violation of § 1692g(a)(2). Compl. ¶¶ 35-36, 52-54. Osorio alleges that this deficiency causes confusion as to who placed the debt with TSI and to whom the debt is actually owed, making the Letter false, deceptive, or misleading, in violation of § 1692e(10). *Id.* ¶¶ 55-63. TSI, in seeking dismissal of the Complaint under Rule 12(b)(6), argues that the Letter adequately identifies the name of the creditor to whom the debt is owed as required by the FDCPA and, read in its entirety and with care, is not confusing or misleading to the least sophisticated debtor. *See generally* Def. Mov. Br., ECF No. 6-1.

## II.    LEGAL STANDARD

Rule 12(b)(6) provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In reviewing a motion to dismiss under Rule 12(b)(6), "courts accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n. 7 (3d Cir. 2002)) (quotation marks omitted). The complaint's factual allegations need not be detailed, but they must be sufficient to raise a plaintiff's right to relief above a speculative level, such that it is "plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007); *see also Umland v. PLANCO Fin. Serv., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008). This facial-plausibility standard is met where the plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

### III.   DISCUSSION

The FDCPA protects against abusive debt collection practices "by imposing affirmative requirements on debt collectors and prohibiting a range of debt-collection practices." *Rotkiske v. Klemm*, 140 S. Ct. 355, 358 (2019) (citing 15 U.S.C. §§ 1692b–1692j). One of those requirements is that the debt collector, either in its initial communication with the consumer or within five days of the initial communication, provide the consumer with written notice containing certain information about the debt. 15 U.S.C. § 1692g(a). Among the information that must be provided is "the name of the creditor to whom the debt is owed" and "a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor." *Id.* §§ 1692g(a)(2), (5). In communicating with consumers, debt collectors are prohibited from using "any false representation or deceptive means to collect or attempt to collect any debt." *Id.* § 1692e(10). The Court determines whether a communication from a debt collector violates the FDCPA by analyzing the debt collector's statements from the perspective of the "least sophisticated debtor" in order to protect "all consumers, the gullible as well as the shrewd," while simultaneously "preserving a quotient of reasonableness and presuming a basic level of understanding and willingness to read with care." *Brown v. Card Serv. Ctr.*, 464 F.3d 450, 453-54 (3d Cir. 2006) (quoting *Wilson v. Quadramed Corp.*, 225 F.3d 350, 356 (3d Cir. 2000), *as amended* (Sept. 7, 2000)) (quotation marks omitted).

First, Osorio has not stated a claim that TSI's Letter violates § 1692g(a). Contrary to her assertion that the Letter violates the statute because it does not identify whether Garden State is the original creditor or the current creditor, "[t]he FDCPA 'does not require that the creditor to whom the debt is owed be labeled current creditor.'" *Blair v. Fed. Pac. Credit Co., LLC*, No. 20-4100, 2021 WL 4398665, at *5 (D.N.J. Sept. 27, 2021) (quoting *Ward v. I.C. Sys., Inc.*, No. 19-20064, 2020 WL 3604093, at *5 (D.N.J. July 2, 2020)). Nor does the FDCPA require the debt collector to state in the written notice how it received the account that it is attempting to collect. *Saldana v. Resurgent Capital Servs.*, No. 20-1879, 2021 WL 3758080, at *6 (D.N.J. Aug. 25, 2021); *Sosa v. Client Servs., Inc.*, No. 11-03021, 2011 WL 5599937, at *4 (D.N.J. Nov. 16, 2011). Instead, the statute simply requires the debt collector to identify the name of the creditor to whom the debt is owed. *See Blair*, 2021 WL 4398665, at *5; *Saldana*, 2021 WL 3758080, at *6; *Ward*, 2020 WL 3604093, at *5; *Wong v. Phelan Hallinan & Diamond, PC*, No. 14-3252, 2015 WL 3938605, at *2 (D.N.J. June 25, 2015). TSI did so here by conspicuously and unambiguously identifying Garden State as the creditor. The Letter does not refer to or name any other creditor that might lead a consumer to be confused, nor does Osorio contend that Garden State is *not* the creditor to whom the alleged debt is owed. To the contrary, the Complaint plainly alleges that she incurred a financial obligation to Garden State. Compl. ¶¶ 18-24. Furthermore, the Letter includes the statutorily required notice informing Osorio she could request the name of the original creditor *if different* from the current creditor, thereby

alerting her and debtors in general that the original and current creditor may be the same. *See* 15 U.S.C. § 1692g(a)(5). Even the least sophisticated debtor, in reading the Letter in its entirety and with care, would know that Garden State is the creditor to whom the debt is owed and would understand that he or she has a right to request the name of the original creditor, if different from Garden State. *See Molina v. AR Res., Inc.*, No. 17-6573, 2018 WL 1027449, at *2 (D.N.J. Feb. 22, 2018) (concluding the collection letter was neither deceptive nor misleading where it unambiguously identified the creditor and provided plaintiff with more than enough information to identify the exact debt allegedly owed).

Second, because Osorio cannot prevail on her claim under § 1692g(a), she likewise cannot proceed under § 1692e(10). Osorio concedes that her § 1692e(10) claim that the Letter used false representation or deceptive means in its collection efforts is premised on the same creditor language underlying her § 1692g(a) claim. Pl. Opp. Br. at 5 n.1, ECF No. 7. "When language is upheld pursuant to Section 1692g, that analysis is usually dispositive for Section 1692e." *Cruz v. Recoveries*, No. 15-0753, 2016 WL 3545322, at *4 (D.N.J. June 28, 2016) (collecting cases). Because the Letter clearly identifies the name of the creditor to whom the debt is owed as required by § 1692g(a) and is not misleading to the least sophisticated debtor, Osorio has not stated a claim under § 1692e(10).

## IV. CONCLUSION

For the reasons set forth above, Osorio's allegations do not state a claim for relief under the FDCPA. TSI's motion to dismiss, ECF No. 6, is **GRANTED**, and the Complaint is **DISMISSED**.

An appropriate Order shall follow.

/s/ William J. Martini
**WILLIAM J. MARTINI, U.S.D.J.**

**Date: May 24, 2022**